**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**JS-6**

CASE NO.: **CV 14-01382 SJO (JCGx)**     DATE: **March 19, 2014**

TITLE:     **David Morwick v. Does**

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                         Not Present
Courtroom Clerk                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DISMISSING ACTION *SUA SPONTE* FOR LACK OF SUBJECT MATTER JURISDICTION**

On February 24, 2014, Plaintiff David Morwick ("Plaintiff") brought this action against several Doe Defendants, alleging defamation, harassment, and infliction of emotional distress under California law. (*See generally* Compl., ECF No. 3.)[1] Plaintiff asserts that the Court has subject matter jurisdiction based on the presence of a federal question and diversity. (Compl. ¶¶ 1-2.) The Court finds it necessary to consider the issue of its jurisdiction *sua sponte. Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action.").

Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff asserts that the Court has jurisdiction "over [his] action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2203." (Compl. ¶ 2.) Relief statutes, however, do not provide an independent basis for federal question jurisdiction. *E.g., Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Here, federal question jurisdiction is absent because each of the substantive claims upon which Plaintiff predicates his request for equitable relief arises under state law. (*See* Compl. ¶¶ 15-43.)

Plaintiff also contends that the Court has diversity jurisdiction. (Compl. ¶¶ 1-2.) Diversity jurisdiction requires complete diversity of the parties; each plaintiff must have state citizenship different from each of the defendants. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "The party seeking to invoke federal jurisdiction has the burden of proving diversity jurisdiction." *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001). The Complaint alleges that both Plaintiff and Doe Defendant 1

---

[1] Plaintiff was granted leave to proceed *in forma pauperis* on March 5, 2014. (ECF No. 2.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:  CV 14-01382 SJO (JCGx)**          **DATE: March 19, 2014**

were citizens of California at all times relevant to the instant action.  (*See* Compl. ¶ 4.)[2]  Thus, the face of the Complaint not only fails to establish, but actually disproves, the existence of complete diversity.

The Court would lack subject matter jurisdiction over the instant action even if Plaintiff had not specifically alleged that Doe Defendant 1 was a citizen of California.  "A petition alleging citizenship upon information and belief is insufficient to establish diversity."  *Fed. Ins. Co. v. Brasscraft Mfg. Co*., No. CV 13-08867 MMM, 2014 WL 545786, at *3 (C.D. Cal. Feb. 10, 2014) (quoting *Massoudi v. ConocoPhillips Co.*, No. CV 09-04390 PA, 2009 WL 1811726, at *1 (C.D. Cal. June 25, 2009) (internal quotation marks omitted); *see also Kanter*, 265 F.3d at 857.  The true names identities of the Doe Defendants "are unknown to Plaintiff at this time."  (Compl. ¶ 5.)  This means that Plaintiff's assertion of complete diversity is based on pure speculation, which is insufficient to confer subject matter jurisdiction on this Court.  Accordingly, the action is **DISMISSED**.  This matter shall close.

IT IS SO ORDERED.

---

[2]  The Court infers the parties' citizenship based on Plaintiff's allegations regarding their state of residence.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (distinguishing residency from domicile and citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that a person's residence can be *prima facie* evidence of citizenship).